# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>v.<br><br>Michaela Denise Ventura and<br>Kevin Ronnie Tungovia,<br><br>          Defendant. | No. CR-4:17-1648-RM(LAB)<br><br>**REPORT AND RECCOMENDATION** |

The District Court referred this case to the Magistrate Judge for a hearing on the defendants' motion to dismiss the indictment for Due Process violation. (Doc. 51)  The defendants, Michaela Ventura and Kevin Tungovia, argue that the indictment must be dismissed because the Magistrate Judge does not have authority to order the release of the material witness and the government acted in bad faith when it deported the material witness over the defendants' objection while an appeal was pending before the District Judge.  The defendants claim they were deprived of a critical witness and the government was given an unfair advantage.

A hearing was held on 2/20/18.  The parties presented argument.  No witnesses testified.  No exhibits were introduced.

**Charges**:

The defendants are charged in a two count  indictment with conspiracy to transport an illegal alien for profit and transportation of an illegal alien for profit, in violation of  8 U.S.C. §§ 1324 (a)(1)(A)(v)(I), (a)(1)(A)(ii) and (a)(1)(B)(i).

**PROCEDURAL BACKGROUND**:

The defendants were arrested on 10/19/17 and a material witness was detained that same date. At the Initial Appearance on 10/20/17, both defendants, and the material witness, were ordered detained. A video deposition was scheduled for 11/13/17. Both defendants were indicted on the charges above on 10/25/17. On 11/6/17 the defendants were arraigned and the Court held a status conference wherein counsel for the defendants raised concerns regarding the material witness's Spanish language skills. Counsel for the material witness stated that after meeting with his client he determined that the material witness speaks Spanish fluently and received his formal education in Spanish, not Mam. The Court found that the material witness was competent to testify in the Spanish language.

Defense counsel requested a continuance of the video deposition based on recent disclosure by the government. Over the objection of material witness counsel, the Court granted the continuance. The video deposition was rescheduled to 11/27/17. On 11/21/17 the Court held a status conference. The defendants rejected the government's plea offers. The government withdrew the offers and the video deposition date was confirmed.

On 11/27/17 counsel for the defendant, Ventura, filed an amended motion to continue the video deposition (Doc. 31) and objected to the introduction of certain photographs during the deposition. Defense counsel argued that the government failed to timely disclose cell phone records of the defendant, Ventura, and the material witness. On the same date, the defendant, Ventura, filed an objection to release of the material witness prior to the conclusion of the defense investigation. (Doc. 30). Over the objection of material witness counsel, the Court granted the second motion to continue the video deposition and reset it for 12/7/17.

The video deposition of the material witness was conducted on 12/7/17. A status conference was held afterward, at the request of the parties. Counsel for the defendant, Ventura, renewed her objection to release of the material witness, stating that the defense

investigation was incomplete.  Government counsel responded that the material witness had been in custody close to 45 days, the deposition was completed and cross-examination was unhindered.  The government stated that all disclosure in the government's possession was provided prior to the video deposition and the defense was in a better position than if the material witness testified for the first time at trial because the defendants heard what may be trial testimony and could now investigate any inconsistent statements, prior to trial.  The material witness's language proficiency was not raised after the video deposition.

The Court ordered the material witness released, over the defendants' objections. The Court instructed material witness counsel to obtain sufficient information to maintain contact with his client in order to facilitate the government's efforts to parole him back into the United States for trial.  Counsel for the defendant, Ventura, moved the Court to stay the order of release based on the Bail Reform Act, so she could appeal to the District Judge.  The government argued that only the government or the person being released has standing to appeal a release order; there is no authority for a third party to ask for a stay. The request for stay was denied after the Court found that there would be no prejudice to the defendants.

On 12/11/17, Defendant Ventura filed an appeal from the Magistrate Judge's release order. (Doc. 43).   In the government's response (Doc. 46), it states that the material witness was released from USMS custody to the Department of Homeland Security on 12/7/17 and deported on 12/15/17.  The District Judge dismissed the appeal as moot, on 12/29/17. (Doc. 47).  The present motion to dismiss was filed thereafter on 1/9/18. (Doc. 51).

**DISCUSSION**:

Two issues are presented in the defendants' motion to dismiss.  The first issue is whether a Magistrate Judge has jurisdiction to order the release of a material witness. The second issue is whether, in the present case, there was a Due Process violation such that the only appropriate remedy is dismissal of the indictment.

**MAGISTRATE JUDGE JURISDICTION**-

Title 28 U.S.C. § 636 addresses the jurisdiction and powers of the Magistrate Judge. Subsection (a) enumerates specific duties conferred on Magistrate Judges, including the power to issue orders pursuant to 18 U.S.C. § 3142 for the release or detention of persons pending trial. Subsection (b)(1) explains that a Magistrate Judge may not decide on her own a motion to suppress evidence or a defendant's motion to dismiss or quash an indictment. Those motions must be ruled on by a District Judge after the Magistrate Judge's report and recommendation. The statute allows reconsideration of non-dispositive pretrial matters if it can be "shown that the magistrate judge's order is clearly erroneous or contrary to law." Subsection (b)(3) permits the court to assign a Magistrate Judge additional duties so long as they are consistent with the Constitution and the laws of the United States.

Both parties cited 18 U.S.C. § 3144, which addresses detention of a material witness. The statute provides that a material witness can be detained if it is shown that it may be impracticable to subpoena the person later for trial. A material witness may not be detained longer than reasonably necessary to take the witness's deposition. Once arrested as a material witness, release or detention is to be determined in accordance with the factors set forth in 18 U.S.C. § 3142. Title 18 U.S.C. § 3145 governs review and appeal of a release orders. Subsection (a)(1) provides that the government may file a motion with the District Judge to revoke or amend the conditions of release. Subsection (a)(2) permits the person being released to file a motion with the District Judge to amend the conditions of release

The defendants argue that the Magistrate Judge "violated Due Process" by ordering the release of the material witness because the Magistrate Judge does not have that authority under 28 U.S.C. §636(b)(1)(A). They assert that the statute does not specifically enumerate this authority and therefore the motion to release the material witness should have been treated as "dispositive" pursuant to §636(b)(1)(B). The statutory scheme, however, does not support the defendants' logic.

Section 636(b)(1)(A) states that "a judge may designate a magistrate judge to hear and determine *any* pretrial matter pending before the court except a motion . . . to dismiss or quash an indictment or information made by the defendant, [or] to suppress evidence in a criminal case . . . ." (emphasis added) By the terms of the statute, a magistrate judge may hear any pretrial matter as long as the matter does not appear under the explicit list of exceptions. Contrary to the defendants' argument, the statute awards jurisdiction to the magistrate judge unless there is an explicit demur.

The defendants argue that the opposite procedure was followed in *U.S. v. Aramburo-Lizarraga*, 2008 WL 2026250 (D.Ariz. 2008). In that case, the Magistrate Judge issued a report and recommendation on the motion to release material witnesses and the defendant's motion to stay release of material witnesses. *Id*. The defendants are correct that a different procedure was used in that instance, but the issue of magistrate judge jurisdiction was not considered by the court in that case.

Finally, the defendants argue that the procedure in this case violated their right under Rule 59(a) to appeal the Magistrate Judge's order within 10 days. They seem to be arguing that the Magistrate Judge should have issued a report and recommendation on the motion to release the material witness because that was the only procedure that would have ensured them their 10-day appeal right. The court does not agree.

The defendants in this case lost their right to meaningful review because they failed to immediately appeal the Magistrate Judge's denial of their motion to stay the order releasing the material witness. Treating a motion to release pursuant §636(b)(1)(A) is not inconsistent with the defendants' right to review under Rule 59(a).

In their reply, the defendants argue that the plain language of this Court's General Order 11-15 distinguishes between a District Judge and a Magistrate Judge by referring to "The Court" in paragraph 6 regarding orders to release material witnesses, and referring to "The Magistrate Judge" in paragraph 5 when discussing the supervision and protocol of the video depositions. The defendants assert that this is further evidence that the Magistrate Judge lacks jurisdiction to order a material witness released. The court

does not agree.  Presumably the term "Court" in General Order 11-15 refers to either the District Court Judge or the Magistrate Judge who presides over that particular hearing. The fact that the term "Court" is different from the title "Magistrate Judge" does not mean that the term "Court" must refer to a District Court Judge exclusively.

After all, paragraph 4 states that "material witness depositions shall be conducted within a time period ordered by the Court."  If one were to adopt the defendants' construction, then the schedule for material witness depositions could only be made by a District Court Judge.  That cannot be right.

The Court finds that the Magistrate Judge has authority to order a material witness released from custody pursuant to 28 U.S.C. § 636; 18 U.S.C. §§ 3142, 3144, 3145; Rule 59(a), Fed.R.Crim.Pro.; and General Order 11-15, once the video depositions have been conducted.

**DUE PROCESS VIOLATION** -

The defendants filed an appeal to the District Judge from the Magistrate Judge's release order.  The defendants argue that their Due Process rights were violated when the government objected to a stay of the Magistrate Judge's order releasing the material witness, and failed to intervene and stop the material witness's deportation once it knew an appeal was pending before the District Judge.  They claim that the government acted in bad faith, while acknowledging that there isn't "any animus certainly by the government". (Tr. 2/20/18, p. 16, ln. 3)  The defendants assert that they are prejudiced to such an extent that dismissal of the indictment is the only just remedy.  Their argument appears to be that outrageous government conduct was committed and the appropriate remedy for the misconduct is dismissal.

The government points out that the defendants did not ask the District Judge for a stay of the release order.  It asserts that it was required to comply with the Court's order to release the material witness to the Department of Homeland Security and that the government is unaware of any mechanism to interrupt the deportation process.

The defendants argue that by failing to allow them to exhaust the appeal process,

the government "hampers the defendants' ability to prepare for trial."  In identifying the prejudice, Defendants claim that the material witness's Spanish language skills, and possible competency, came to light during the deposition.  That negatively impacts their ability to prepare for trial and deprived them of adequate cross examination.  These issues were not raised after the video deposition, during the 12/7/17 hearing when the material witness was ordered released.

The defendants claim they were prejudiced by the government's 1/29/18 disclosure of Agent Morrell's report that contained exculpatory statements by the material witness.  That report was disclosed prior to the motion to suppress but after the video depositions.  The defendants acknowledge that the evidence can be brought into trial through the agent but they believe it would be more powerful coming directly from the material witness and the agents might be more forthcoming in their testimony if they know the material witness will testify in person.  The government stated that if the defendants requested the agent's presence at the motion to suppress hearing, the government would have arranged for him to be there.  The defense position is that Agent Morrell's testimony wasn't relevant to the motion to suppress but will be for trial.  (Tr. 2/20/18, p. 36, lns. 19-25)

Although the defendants acknowledge that the government could have, but did not, preclude them from eliciting testimony in support of the motion to suppress during the video deposition, they argue that they were prejudiced by not having the material witness available to testify at the motion hearing.  The government responded, and the defendants concede (Tr. 2/20/18, p. 33, lns.23-24), that the defendants did not ask the government to parole the material witness in for that hearing, although the defendants requested generally that he be paroled in from the time of the release until the defense investigation was completed. (Tr. 2/20/18, p. 12, lns. 20-23)  The defendants point to the government's objections to the admission of portions of the video deposition transcript and material witness recorded interview, to support their bad faith argument.  The Court, however, admitted and considered that evidence over the government's objection, making

it unclear how that caused prejudice.

The government argued that the Due Process issue is not ripe and is premature. The government will attempt to locate and parole in the material witness for trial. If that occurs, the video deposition will not be admitted and the defendants will cross examine the material witness along with all other government trial witnesses.

In order to dismiss an indictment based on outrageous conduct, "the Government's conduct must be so grossly shocking and so outrageous as to violate the universal sense of justice." *U.S. v. Harvey*, 392 Fed. Appx. 607 (9th Cir. 2010). In the Ninth Circuit, the types of cases that result in dismissal of indictments due to government misconduct involve outrageous government conduct, far worse than what occurred in the instant case. In *U.S. v. Aguilar*, 831 F.Supp. 2d 1180 (C.D. Cal. 2011) the government submitted materially false affidavits to obtain search warrants. It improperly obtained privileged communications between the attorney and the client. And, it violated *Brady* by failing to disclose transcripts of false grand jury testimony by an FBI agent. The Court in *Aguilar* found that the defendants were substantially prejudiced.

In the present case the government objected to admission of certain evidence at the suppression hearing, which was admitted by the Court over its objections. The government deported the material witness based on a Court order after the video depositions were conducted but while an appeal of the release order was pending before the District Judge. Neither of those actions rises to the level of outrageous government conduct. The defendants have not demonstrated any actual prejudice from the government's conduct. There is no Due Process violation.

**<u>RECOMMENDATION</u>**:

In view of the foregoing, it is recommended that, after its independent review of the record, the District Court DENY the motion to dismiss. (Doc. 51)

Defense counsel may serve and file written objections within 14 days. If objections are not timely filed, the party's right to de novo review may be waived. No reply to objections shall be filed unless leave is granted from the District Court.

- 8 -

The Clerk of the Court is directed to send a copy of this Report and Recommendation to all parties.

Dated this 5th day of March, 2018.

*Leslie A. Bowman*

Honorable Leslie A. Bowman
United States Magistrate Judge

- 9 -