**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-01648-TUC-RM (LAB) |
| Plaintiff, | **ORDER** |
| v. | |
| Kevin Ronnie Tungovia , et al., | |
| Defendants. | |

Pending before the Court is Defendants Michaela Denise Ventura and Kevin Ronnie Tungovia's Joint Motion to Dismiss. (Doc. 51.) They argue the indictment against them should be dismissed because the Government violated their due process rights by removing the material witness from the United States despite their attempt to appeal his release to the District Court. On February 20, 2018, Magistrate Judge Leslie A. Bowman held oral argument on the Motion to Dismiss. (Docs. 75, 77.) On March 6, 2018, the Magistrate Judge issued a Report and Recommendation recommending that the Court deny the Motion to Dismiss. (Doc. 83.) Defendant Ventura filed an Objection to the Report and Recommendation, which was joined in by Defendant Tungovia. (Docs. 99, 101.) The Government filed a Response to the Objection. (Doc. 106.) For the following reasons, the Report and Recommendation will be adopted in part, and the Motion to Dismiss will be denied.

**I.    Background**

On October 25, 2017, Defendants were indicted for alien smuggling and

conspiracy to commit alien smuggling. (Doc. 15.) During a status conference held on October 20, 2017, the Magistrate Judge ordered that the material witness be temporarily detained pending his video deposition. (Doc. 11.) On November 2, 2017, Defendants moved to accelerate a status conference in order to address the material witness's ability to speak Spanish and to determine whether a Mam interpreter was needed. (Doc. 18.) During the status conference, counsel for the material witness advised that the witness spoke and understood Spanish, and the Magistrate Judge determined that the witness's understanding of Spanish was sufficient to go forward with the video deposition. (Doc. 22.)

The video deposition took place on December 7, 2017. (Docs. 41, 42.) A status conference was held on the same day, where Defendants objected to the release of the material witness because they wished to investigate inconsistencies between his testimony and the Government's disclosure.[1] (*See* Doc. 45 at 3–5.) The Magistrate Judge determined that release of the material witness would not hinder or prejudice Defendants' investigation and, consequently, ordered the release of the material witness over Defendants' objection. (*Id.* at 5–6; Doc. 40.) Defendants orally moved to stay the material witness's release so that they could appeal the release order to the District Court. (Doc. 45 at 8–9.) The Magistrate Judge denied the request for a stay because Defendants cited no authority permitting a third party to request a stay of release of a material witness, and General Order 11-15 provides that "[f]ollowing the deposition(s), the Court shall order the release of the material witness(es) from custody absent a showing that further detention is necessary to prevent a failure to justice." (*Id.* at 9–13; Gen. Order 11-15, ¶ 6.)

On December 11, 2017, Defendants filed a Notice of Appeal of Magistrate Judge's Order Releasing Material Witness and Objection of Magistrate's Denial of Defendants' Motion to Stay Release. (Doc. 43.) Defendants requested oral argument to address

---

[1] The Government conceded that the material witness's testimony did not "conform concisely with the information that the Government had either . . . ." (Doc. 45 at 7.)

whether the Magistrate Judge had authority to release the material witness and deny a stay of release, but failed to request a stay of the Magistrate Judge's release order. (*See id.*) On December 19, 2017, the Government filed a Response arguing that the appeal was moot because the material witness was deported by the Department of Homeland Security on December 15, 2017. (Doc. 46.) On December 29, 2017, this Court dismissed the appeal as moot. (Doc. 47.)

On January 9, 2018, Defendants filed the Motion to Dismiss. (Doc. 51.) They argued that the Government violated their constitutional rights by failing to allow them the opportunity to appeal the release order because it deported the material witness. Defendants also contended the Magistrate Judge was without authority to enter the release order. Defendants argued that release of a material witness is a "dispositive matter" that must be finally determined by the District Court and that the Magistrate Judge should have therefore issued a report and recommendation instead of a final order. The Government filed its Response on January 23, 2018, arguing that it complied in good faith with the release order because there was no stay in place, i.e., the Magistrate Judge denied a stay, and Defendants failed to request one from the District Court. (Doc. 57.) The Government also argued that the dispute is not ripe because it is not clear the material witness will be unavailable at trial. Finally, the Government argued that the Magistrate Judge was authorized to enter the release order.

The Magistrate Judge issued the Report and Recommendation on March 6, 2018, recommending that the Motion to Dismiss be denied. (Doc. 83.) First, the Magistrate Judge rejected the notion that a magistrate judge is without authority to order the release of a material witness because, by its own terms, 28 U.S.C. § 636(b)(1)(A) permits a magistrate judge, with specified exceptions, to "hear and determine *any* pretrial matter," and release of a material witness is not within the exceptions. Second, the Magistrate Judge disagreed that deporting the material witness pursuant to the release order was outrageous conduct sufficient to establish a constitutional violation. The Magistrate Judge also concluded that Defendants failed to demonstrate actual prejudice.

## II. Standard of Review

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." *Id.* The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *see also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

## III. Discussion

### A. Magistrate Judge's Authority to Enter Release Order

Defendants broadly make two arguments. First, they contend that a magistrate judge lacks authority to order the release of a material witness. As explained below, they are incorrect. Second, they contend that the Magistrate Judge should have stayed the release order so they could appeal the order to this Court. The Court agrees. However, Defendants' Motion will be denied because they have not shown the deportation was done in bad faith or that they were prejudiced by the deportation.

Defendants argue that video deposition testimony is not a "pretrial matter" that falls within a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A).[2] They argue that, because the material witness was removed from the United States, the testimony is trial testimony and thus the deposition and decision to release the witness must be done

---

[2] The issue before the Magistrate Judge was whether the release of the material witness was proper under the circumstances. Defendants raise their arguments regarding video depositions for the first time in their Objection.

- 4 -

on a report and recommendation basis pursuant to § 636(b)(3). Section 636(a)(2) provides magistrate judges with the power to issue orders pursuant to 18 U.S.C. § 3142. Title 18 U.S.C. § 3144 permits "a judicial officer" to preside over the detention and release of a material witness in accordance with § 3142. Therefore, § 636(a)(2) confers magistrate judges with authority to determine whether a material witness should be released. Defendants further argue that, even if video depositions and release of material witnesses are "pretrial matters," they are "dispositive" matters that must be done on a report and recommendation basis pursuant to § 636(b)(1)(B). However, as explained above, magistrate judges are authorized to order the release of material witnesses.

Defendants argue that General Order 11-15 requires the District Court to determine whether a material witness should be released because it differentiates between the responsibilities of a "Magistrate Judge" and "the Court." Specifically, Defendants argue that because the only references to "Magistrate Judge" concern video depositions, that the District Court must determine all other matters including whether to detain or release a material witness. Defendants' interpretation of General Order 11-15 is incorrect; "the Court" refers to both magistrate and district judges. For instance, the Order provides that "[t]he Court shall . . . consider the [material] witness for possible release pursuant to 18 U.S.C. §§ 3144 and 3142." As explained above, magistrate judges are expressly authorized to issue orders pursuant to § 3142. 28 U.S.C. § 636(a)(2).

Defendants cite several cases in support of their contention that the Magistrate Judge exceeded her authority. First, they cite *Aguilar-Ayala v. Ruiz*, 973 F.2d 411 (5th Cir. 1992) for the proposition that district judges must finally determine whether to release a material witness. *Ruiz* does not stand for that proposition. *Ruiz* involved discussion of a standing order in the Southern District of Texas that gave district judges final authority over the detention and release of material witnesses. *See id.* at 421–23. However, the government did not appeal entry of that order; therefore, the court "was not called upon . . . to assess [the standing order's] validity," and it expressly cautioned that its opinion should not "be read as expressing a view on the propriety of such a standing

order." *Id.* at 416. Next, Defendants cite *Torres-Ruiz v. U.S. Dist. Court*, 120 F.3d 933 (9th Cir. 1997) (per curiam), in which the Ninth Circuit found that the district court erred by detaining two material witnesses for trial rather than ordering their depositions and release. That case offers Defendants no assistance because it involved no discussion concerning whether a magistrate judge has authority to release a material witness. Lastly, Defendants cite *United States v. Matus-Zayas*, 655 F.3d 1092 (9th Cir. 2011). Like *Torres-Ruiz*, the case does not touch on whether a magistrate judge has power to order the release of a material witness. Furthermore, the *Matus-Zayas* court held on plain error review that the magistrate judge in that case *did not* err by ordering the material witnesses' depositions and subsequent release. *Id.* at 1100.

Defendants also argue that, even if video depositions and release of material witnesses are "pretrial matters" under § 636(b)(1)(A), that section provides for appellate review of a magistrate judge's nondispositive orders. They argue they were deprived of their appellate rights by the Magistrate Judge's refusal to grant a stay. The Court agrees that the release order should have been stayed so that Defendants could seek appellate review. However, the Magistrate Judge's refusal in this case to stay the order was harmless because Defendants have not shown bad faith or that they were prejudiced. *See United States v. Noriega-Perez*, 670 F.3d 1033, 1038 (9th Cir. 2012) ("[T]he deportation of an alien does not violate a defendant's constitutional rights absent a showing of prejudice and bad faith.").

### B. Government's Release of Material Witness

Defendants object to the finding that the Government did not act in bad faith and that Defendants were not prejudiced by the material witness's deportation.

> The mere fact that the Government deports [illegal-alien witnesses] is not sufficient to establish a violation of the Compulsory Process Clause of the Sixth Amendment or the Due Process Clause of the Fifth Amendment. A violation of these provisions requires some showing that the evidence lost would be both material and favorable to the defense.

*United States v. Valenzuela-Bernal*, 458 U.S. 858, 872–73 (1982). This standard requires

more than arguing that the testimony of the missing witness could "conceivably benefit" the defense, as such is true of any missing witness. *Id.* at 866–67. The showing of materiality and favorability must be "plausible," and the evidence "not merely cumulative to the testimony of available witnesses." *Id.* at 873.

Defendants fail to make the required showing. They argue that the material witness's deportation hampered their ability to impeach the arresting U.S. Border Patrol agents. They do not identify what testimony they believe would be both material and favorable, other than to suggest that the witness's testimony might contradict the agents' version of events. In other words, Defendants argue that the witness's testimony could "conceivably benefit" their defense by impeaching the agents. More is required to make a plausible showing of materiality and favorability, especially in this case, where Defendants cross-examined the material witness before his deportation. *Cf. id.* at 873–74 (suggesting that a lesser showing of materiality was appropriate where the material witnesses were deported before defendant had an opportunity to interview them).

Defendants also argue they were prejudiced because the witness's live testimony at the suppression hearing would have been preferable to the recorded testimony that was introduced. The preference for live testimony is not sufficient to show a constitutional violation, as it says nothing of what material, favorable evidence the witness would have provided.[3]

Defendants argue further that they were prejudiced by losing the opportunity to investigate the witness's language competency. However, the Magistrate Judge resolved the language-competency issue before the video deposition. Prior to the video deposition, the material witness's attorney advised that his client speaks and understands Spanish, and the Magistrate Judge determined that the witness's understanding of Spanish was sufficient to proceed with the deposition. Following the video deposition, the Magistrate Judge heard Defendants' arguments regarding the witness's language competency and determined that their investigation would not be prejudiced by the

---

[3] Defendants did not specifically request that the Government parole the material witness in for the suppression hearing. (Doc. 77 at 33–34.)

witness's deportation. Defendants offer no reason to question the Magistrate Judge's rulings on that issue. Consequently, Defendants are left with the mere fact that the witness was deported, which by itself does not establish a constitutional violation. *Id.* at 872–73.

Nor does the Court find that the Government acted in bad faith. There was no stay of the release order in place. The Government did not act in bad faith by complying with an enforceable order. Defendants' objection will be overruled.

Accordingly,

**IT IS ORDERED**:

1. Defendants' Objection (Doc. 99) is **overruled in part and sustained in part** as set forth above. The Report and Recommendation (Doc. 83) is **accepted and adopted in part** as set forth above.

2. Defendants' Joint Motion to Dismiss Violation of Due Process (Doc. 51) is **denied**.

Dated this 17th day of May, 2018.

_____
Honorable Rosemary Márquez
United States District Judge